Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES BOGGUS,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) **COLLECTION PRACTICES ACT** |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Charles Boggus ("Plaintiff"), is a natural person residing in Placer county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Midland Credit Management, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt owed to the Bank of Marin.

6. On at least three separate occasions, Plaintiff requested validation of the alleged debt from Defendant.

7. Plaintiff disputed the alleged debt with Defendant, as he was never provided with the validation he requested.  On or about July 23, 2010, Defendant sent a letter to Plaintiff requesting documentation that supports his dispute. Defendant had still not provided Plaintiff with validation of the alleged debt.

8. Plaintiff received another letter from Defendant dated September 4, 2010, regarding the alleged debt and demanding payment.  Plaintiff had still not been provided with the validation he requested from Defendant.

9. On September 11, 2010, Plaintiff sent a letter to Jane Wilson, an employee of Defendant, to advise that he had not received the verification he had requested from Defendant, and has never had an account with Bank of Marin. Further, Plaintiff advised Defendant he would be filing a grievance with the Federal Trade Commission.

10. On Sunday, September 19, 2010, Plaintiff received a call from John, an employee of Defendant.  Plaintiff advised John that he had asked for proof of the alleged debt three times and not received it.  Plaintiff told John to stop calling and hung up.  Defendant called Plaintiff back immediately and advised Plaintiff that Defendant doesn't have to prove the debt is Plaintiff's; he has to prove that it's not.

11.     On September 20, 2010, Plaintiff received a voicemail from John, an employee of Defendant.  Defendant had still not provided Plaintiff with verification of the alleged debt.

12.     On September 28, 2010, John, an employee of Defendant, called Plaintiff at work.  Plaintiff told John to stop calling him.  John advised Plaintiff that he needs to pay the alleged debt.  Plaintiff told John the alleged debt is not his, but John advised Plaintiff that he is responsible for the alleged debt anyway.

13.     On September 30, 2010, Plaintiff's counsel sent a letter to Defendant requesting verification of the alleged debt.  Defendant failed to respond to that letter.  Plaintiff's counsel sent a follow up letter to Defendant on October 18, 2010.  Again, Defendant failed to respond.

14.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

   b) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10));

    e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

    f) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

    g) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    h) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

    i) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)); and

    j) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)).

15. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of December, 2010.

By: **s/Todd M. Friedman_____**
TODD M. FRIEDMAN (216752)
Attorney for Plaintiff, Charles Boggus